UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
NATHAN WILLIAMS,                                    :

                  Plaintiff,                :           15CV2414(LTS)

        - against -                          :           COMPLAINT AND
                              :           DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, ROBERT MICELI,                 :
JOSE ESPINAL, HARRY PELL, BRIANT NIXON,              :           ECF CASE
and "JOHN DOE" #1 - 4, in Their Individual           :
Capacities and in Their Official Capacities,         :

               Defendants                :
--------------------------------------------------------------------x

        Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the

defendants, alleges:

## NATURE OF THE ACTION

        1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Nathan Williams by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the

Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

        2. Plaintiff Nathan Williams is a citizen of the United States who, on the night of August

27 - August 28, 2012, was lawfully present at the corner of 167th Street and Webster Avene in the

Bronx, New York, when he was stopped and seized by the individual defendants, who were New

York City police officers, pushed against a gate and onto the ground, handcuffed, arrested on false

criminal charges of Resisting Arrest and Disorderly Conduct, transported to the 44th Precinct, where

he was imprisoned until he was transferred to Bronx Central Booking, where he continued to be

imprisoned until the night of August 28, 2012, when he was released without being charged with any

crime or offense.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Nathan Williams's constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Robert Miceli, Jose Espinal, Harry Pell and Briant Nixon can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Nathan Williams is a citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Robert Miceli is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Robert Miceli was acting within the scope of his employment by defendant The City of New York.

11. Defendant Jose Espinal is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Jose Espinal was acting within the scope of his employment by defendant The City of New York.

13. Defendant Harry Pell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Harry Pell was acting within the scope of his employment by defendant The City of New York.

15. Defendant Briant Nixon is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Briant Nixon was acting within the scope of his employment by defendant The City of New York.

17. Defendants "John Doe" #1 - 4 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

18. At all times relevant herein, defendants "John Doe #1 - 4 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On the night of August 27 - August 28, 2012, plaintiff Nathan Williams was lawfully present on the sidewalk at 167th Street and Webster Avenue, in the Borough of the Bronx, in the City and State of New York.

21. At the above time and place, defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 seized plaintiff Nathan Williams, pushed him against a gate, and pushed him to the ground.

22. One of the individual defendants handcuffed plaintiff Nathan Williams.

23. Plaintiff Nathan Williams had not engaged in and was not engaged in any criminal activity.

24. Defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 arrested plaintiff Nathan Williams, under the name Nathon Williams, on false criminal charges of Disorderly Conduct and Resisting Arrest.

25. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Nathan Williams.

26. The defendants subsequently transported plaintiff Nathan Williams to the 44th Precinct, where the plaintiff was imprisoned.

27. Plaintiff Nathan Williams was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

28. On the night of August 28, 2012, plaintiff Nathan Williams was released from custody without being charged with any crime.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though the same were set forth fully herein.

30. The seizure, arrest, and imprisonment of plaintiff Nathan Williams on the night of August 27 - August 28, 2012, were made without any warrant or other legal process directing or

authorizing his seizure, arrest, or imprisonment.

31. The charges upon which defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 arrested plaintiff Nathan Williams were false.

32. The charges were made by defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 against plaintiff Nathan Williams with knowledge that they were false.

33. Defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 acted in concert in the unconstitutional arrest of plaintiff Nathan Williams and/or could have intervened to stop the arrest.

34. Plaintiff Nathan Williams was aware of his seizure, arrest, and imprisonment by defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4.

35. Plaintiff Nathan Williams did not consent to his seizure, arrest or imprisonment.

36. As a result of the foregoing, plaintiff Nathan Williams was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

37. The seizure, arrest and imprisonment of plaintiff Nathan Williams by defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 on the night of August 27 - 28, 2012, deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

38. Defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 were acting under color of state law when they seized, arrested and imprisoned plaintiff Nathan Williams on the night of August 27 - 28, 2012.

39. Defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 deprived plaintiff Nathan Williams of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Nathan Williams on false criminal charges.

## COUNT TWO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though the same were set forth fully herein.

41. The seizure, arrest and imprisonment of plaintiff Nathan Williams were carried out by defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

42. The seizure, arrest and imprisonment of plaintiff Nathan Williams were carried out by defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons without a warrant where probable cause to arrest

does not exist in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

44. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest

of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

45. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

46. The seizure, arrest and imprisonment of plaintiff Nathan Williams on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

47. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

48. Defendant The City of New York deprived plaintiff Nathan Williams of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

49. The aforesaid conduct of defendant The City of New York violated plaintiff Nathan William's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Robert Miceli, Jose Espinal, Harry Pell, Briant Nixon, and "John Doe" #1 - 4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

52. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

53. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

54. Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

55. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Nathan Williams would be violated.

56. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Nathan Williams.

57. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

58. Defendant The City of New York deprived plaintiff Nathan Williams of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution

of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure, arrest and imprisonment of plaintiff Nathan Williams on false criminal charges on the night of August 27 - August 28, 2012.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Nathan Williams compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Nathan Williams punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       March 26, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By:_____
   Steven D. Michelstein (SM3323)
   Attorneys for Plaintiff
   485 Madison Avenue
   New York, New York 10022
   (212) 588-0880
   malaw485@yahoo.com